UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MATIELLA<br><br>**Plaintiff,**<br><br>v.<br><br>**MURDOCK STREET LLC,** *et al.*,<br><br>**Defendants.**<br><br><br>**MURDOCK STREET, LLC,**<br><br>**Third-Party Plaintiff,**<br><br>v.<br><br>**EWORA, L.L.C.,** *et al.*,<br><br>**Third-Party Defendants.** | Case No. 21-cv-2112 (TSC/GMH) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Set Aside Default and for Additional Time to File Responsive Pleadings, ECF No. 73, filed by Defendant City Concrete Corporation. The motion has been briefed and is ripe[1] for resolution. Upon consideration of the parties' briefs, and the entire record herein,[2] the motion will be granted.

**I.   BACKGROUND**

Plaintiff's original complaint was filed August 6, 2021, against Defendant Murdock Street, LLC ("Murdock Street"). ECF No. 1. With the leave of court, Plaintiff filed an Amended Complaint on January 26, 2023, adding additional defendants EWORA, L.L.C. ("EWORA") and

---

[1] City Concrete Corporation ("City Concrete") filed its motion, ECF No. 73, and Plaintiff Charles Matiella ("Plaintiff") filed his response in opposition, ECF No. 77. Upon review of those two filings, the undersigned finds no reason for a reply.

[2] The relevant docket entries for purposes of this Report and Recommendation are: (1) Motion to set aside default and for extension of time, ECF No. 73, filed by City Concrete; and (2) Plaintiff's Opposition thereto, ECF No. 77.

IFG Group LLC ("IFG"), as well as City Concrete. ECF No. 50. Plaintiff served City Concrete with the Amended Complaint on January 30, 2023. ECF No. 57; *see also* ECF No. 73 at 2; ECF No. 77 at 6. On February 22, 2023, Plaintiff requested that the Clerk of Court enter default after City Concrete did not file a response. ECF No. 60. The same day, the Clerk made an entry of default against City Concrete. ECF No. 61. On March 30, 2023, City Concrete filed a motion to set aside the entry of default and requested an additional fourteen days to respond to the Amended Complaint and to Defendant Murdock Street's crossclaim. ECF No. 73.

In its motion, City Concrete represents that its general manager had been out of town when the Amended Complaint was served, and when he returned on February 9, 2023, he "mistakenly believed" that it "related to the [another] case, which had already been resolved." *Id.* at 2. City Concrete represents that the other, now-resolved civil action also involved EWORA and IFG as parties and, like this one, related to a property on Georgia Avenue, though at a different address approximately a mile from the property at issue in this case. *Id.* at 2. City Concrete asserts that it became aware of the mistake sometime in March 2023 when it received the Notice of Default from the Clerk's Office in this matter. *Id.* Thereafter, City Concrete identified its insurer during the relevant time period and presented the Amended Complaint to it, at which point counsel was assigned. *Id.* Finally, City Concrete represents in its motion that it did not perform the excavation or drilling that Plaintiff alleges caused the damage to his house. *Id.* at 7.

Plaintiff filed his opposition, appearing to assert that City Concrete's alleged mistake was either not credible or unreasonable. ECF No. 77 at 2–3. Plaintiff highlighted that counsel for EWORA and IFG had represented in a January 2023 status conference that he had spoken to "an attorney who had represented City Concrete in the past" and that attorney "ha[d] been advised that this is coming down the pike." *Id.* at 2 (quoting ECF No. 75 at 43 (transcript of January 23, 2023

2

status conference before Judge Harvey). Plaintiff also challenges the reasonableness of the alleged mistake because the other matter that had allegedly been the source of the confusion had been closed since May 2021 and in light of the differences between the case captions in each matter. *Id.* Finally, Plaintiff faults City Concrete's asserted defense that it did not perform any of the excavations or the drilling because City Concrete did not provide "evidence or explanation" to support its assertion. *Id.*

## II.     LEGAL STANDARD

The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The party seeking a set-aside bears the burden of demonstrating good cause. *Haskins v. U.S. One Transp., LLC*, 755 F. Supp. 2d 126, 129 (D.D.C. 2010). A court, however, must resolve all doubts in the movant's favor because "strong policies favor resolution of disputes on their merits." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *see id.* at 835 (noting that "[d]efault judgments are not favored by modern courts"). When exercising its discretion as to whether a Clerk's entry of default should be set aside under Federal Rule of Civil Procedure 55(c), a court should consider "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Khochinsky v. Republic of Poland*, 1 F.4th 1, 7 (D.C. Cir. 2021) (quoting *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011), *aff'd sub nom. Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012)), *cert. denied*, 142 S. Ct. 771 (2022). These three factors "are not exclusive, however, as the 'good cause' standard of Rule 55(c) 'is designed to empower courts to consider the equities that specially arise in a given case.'" *Egypt Dep't of Def. v. Alboghdady*, No. 21-cv-1144, 2022 WL 715229, at *6 (D.D.C. Mar. 10, 2022) (quoting *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016)).

### III.      DISCUSSION

#### A.      City Concrete's Default was Not Willful

In this context, "[t]he boundary of willfulness lies somewhere between a negligent filing error . . . and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003).  Courts resolve "[u]ncertainties around the willfulness of default" in favor of the defaulting party, "even where that party's explanation had slim or no supporting evidence." *Lerch Bates, Inc. v. Michael Blades & Assocs., Ltd.,* No. 20-cv-2223, 2021 WL 3363414, at *4 (D.D.C. Aug. 3, 2021); *see also Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 393 (D.D.C. 2005) (finding default not willful even though the defaulting party had "not produced any evidence corroborating" its explanation, leaving the court "with a doubt (albeit a very strong doubt)" about the defendant's willfulness).

A party that intentionally does not respond to a complaint does so willfully.  *See Gilmore v. Palestinian Interim Self–Government Auth.*, 675 F. Supp. 2d 104, 109 (D.D.C.2009) (holding that a default was willful where the defendants expressly acknowledged that they "had chosen not to file an answer" (emphasis omitted)); *see also Int'l Painters*, 288 F. Supp. 2d at 26–27 (holding that a default was willful where the defendant did not file a response to the complaint while settlement negotiations were ongoing); *Konoike Constr. Co. v. Ministry of Works, Tanzania*, No. 17-cv-1986, 2019 WL 1082337, at *3 (D.D.C. Mar. 7, 2019) (similar).  However, where a party defaults due to negligence or mistake, that default is not willful.  *See Cincinnati Ins. Co. v. All Plumbing Inc. Serv., Parts, Installation*, 292 F.R.D. 3, 6 (D.D.C. 2013) (holding that a default was not willful, where the defendant negligently failed to notify its attorney of the complaint, assumed that another entity would represent it and then "forgot" about the complaint); *Wilson v. Superclub*

*Ibiza, LLC,* 279 F.R.D. 176, 179 (D.D.C.2012) (holding that a default was not willful where corporate representatives of the defendant were served with the complaint, but the suit was "overlooked" by the defendant because of an internal dispute at the company); *Gaither v. District of Columbia,* 653 F. Supp. 2d 35, 41 (D.D.C.2009) (holding that a default was not willful where the defendant had actual notice of the suit but assumed the Office of the Attorney General would be representing him as it had in previous litigation).

In this case, City Concrete has represented that its general manager mistakenly thought that the Amended Complaint in this matter related to a different, concluded lawsuit which involved similar parties as those at issue here and a property on the same street as one of the properties at issue in this case. ECF No. 73 at 2. City Concrete asserts that it did not realize the error until it received the Notice of Default from the Clerk's Office in March 2023, at which point it took steps to respond to the Amended Complaint. *Id.* Plaintiff counters that City Concrete's "story falls apart," identifying that "[a]ny reasonable company acting in good faith" would have known that the Amended Complaint was "viable" and related to a new case, particularly where City Concrete's former counsel had been informed about this case two months earlier, and where the other case had settled in 2021. ECF No. 77 at 2–4.[3] However, even assuming that City Concrete made an unreasonable mistake, such a mistake does not amount to willfulness. *See Cincinnati Ins. Co.*, 292 F.R.D. at 6. Resolving any uncertainty about City Concrete's excuse for its default in favor of it, the defaulting party, the undersigned finds that City Concrete did not default willfully. Therefore, this factor weighs in favor of vacating the entry of default.

---

[3] Plaintiff also argues that City Concrete's motion be denied without prejudice because its is not supported by evidence and contains only the unsupported representations of counsel. ECF No. 77 at 4. Plaintiff requests that "City Concrete [be] permitted to file an amended motion with supporting declarations and exhibits." *Id.* at 8. However, as set forth above, a court may make a finding on willfulness even absent corroborating evidence. *See Lerch.,* 2021 WL 3363414, at *4; *Capital Yacht Club*, 228 F.R.D. at 393.

Moreover, even if the undersigned found that City Concrete defaulted willfully, such a finding would not be dispositive because the other two factors weigh in favor of vacating default here, as set forth more fully below. *See Haskins*, 755 F. Supp. 2d at 131 (vacating entry of default despite finding evidence to suggest that the default was willful, where the court found no prejudice would result and the defendant asserted a meritorious defense).

### B.     Plaintiff Will Not be Prejudiced by Setting Aside the Default

Under Rule 55(c), "delay in and of itself does not constitute prejudice." *Dullea v. Pension Benefit Guarantee Corp.*, 320 F.R.D. 100, 101 (D.D.C. 2016) (quoting *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 128 (D.D.C. 2009)); *see also Keegel*, 627 F.2d at 374 ("That setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at trial, is insufficient[.]"). Instead, in evaluating prejudice to a plaintiff if default is vacated, "a court should consider—not the mere fact of delay itself—but rather any effects such delay may have on the plaintiff (for example, loss of evidence or increased difficulties in obtaining discovery)." *Gaither,* 653 F. Supp. 2d at 42. Where a plaintiff can point only to delay or increased costs in articulating prejudice, this factor weighs in favor of vacating default. *Capital Yacht Club*, 228 F.R.D. at 394 ("[D]elay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c).").

In this case, City Concrete argues that Plaintiff has been litigating this claim since 2021 and did not bring City Concrete into the case until January 2023. ECF No. 73 at 5–6. In addition, City Concrete notes that the Court recently modified the scheduling order to extend discovery until July 28, 2023, and that Plaintiff does not contend that allowing City Concrete into this case at this point will result in the loss of discovery or make discovery more difficult to obtain. *Id.* at 6; *see* ECF No. 71 (scheduling order). Plaintiff, for his part, points only to the possibility of delay,

arguing that setting aside the default would require the Court to "go back to the drawing board in terms of a scheduling order." ECF No. 77 at 8.  Plaintiff's position is not supported by the law of this Circuit, as he has not identified anything more than delay to argue that he will be prejudiced by vacating the entry of default.  *See Keegel*, 627 F.2d at 374; *Gaither,* 653 F. Supp. 2d at 42; *Capital Yacht Club*, 228 F.R.D. at 394.  Accordingly, this factor weighs in favor of granting City Concrete's motion to set aside the default.

### C. City Concrete Asserts a Defense Which, if True, Would Be Meritorious

Finally, the Court considers whether City Concrete has presented a meritorious defense.  As the D.C. Circuit has noted, "[l]ikelihood of success is not the measure."  *Keegel*, 627 F. 2d at 374.  Instead, a defendant's allegations are meritorious, even if "somewhat broad and conclusory," as long as they contain "even a hint of a suggestion" that, if proven at trial, would constitute a complete defense.  *Id.*  Put another way, "[t]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *Wilson*, 279 F.R.D. at 179 (quoting *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985)) (internal quotation marks omitted).  Thus, "a meritorious defense is extremely easy to present."  *Shatsky v. Syrian Arab Republic*, 795 F. Supp. 2d 79, 84 (D.D.C. 2011) (internal quotation marks omitted).

In this case, City Concrete has asserted that it "did not perform any of the excavations or drilling" that underpin Plaintiff's negligence and trespass claims related to the damage of his property.  ECF No. 73 at 7.  Although Plaintiff dismisses this assertion as an "unsupported and confusing blanket denial," ECF No. 77 at 8, City Concrete need not provide evidence in support of its defense at this stage and therefore has the better of the argument.  Indeed, all that City Concrete needs to show is that the facts alleged would "constitute a meritorious defense if true."

*Wilson*, 279 F.R.D. at 179. If true, the allegation that City Concrete did not perform the excavation and drilling work on Murdock Street's property that Plaintiff alleges caused damage to his property, though "somewhat broad and conclusory," could constitute a meritorious defense to Plaintiff's claims against City Concrete. *Keegel*, 627 F. 2d at 374. As a result, this factor too weighs in favor of vacating the entry of default.

## IV.   CONCLUSION

In sum, because all three factors weigh in favor of vacating the entry of default, *Keegel*, 627 F. 2d at 374, City Concrete has shown good cause to vacate the Clerk of Court's entry of default, ECF No. 61.

Accordingly, it is hereby

**ORDERED** that City Concrete's motion to set aside the entry of default, ECF No. 73, is **GRANTED**, it is further

**ORDERED** that City Concrete file a responsive pleading to the Amended Complaint, and to the cross-claims brought by Defendant Murdock Street, on or before April 25, 2023.

**SO ORDERED.**

Date:  April 11, 2023                              _____

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE