# EXHIBIT 9



## Bramel Engineering

316 Fairhaven Rd.
Tracys Landing, MD 20779
p| 443.852.3413
www.bramelengineering.com

4/12/2024


James S. Liskow, Esquire

DeCaro Doran Siciliano Gallagher & Deblasis

17251 Melford Boulevard

Suite 200

Bowie, Maryland  20715

P: (301) 352-4950



Reference

Project:          Matiella v. Murdock Street LLC, et al.

Location:         770 Princeton Place, NW Washington, DC


Mr. Liskow,

Per your request, I have investigated additional material regarding the ongoing adjacent property matter allegedly resulting from the new building construction of the Exchange Condominium at 619 Georgia Avenue, NW in Washington, DC.  The additional material consists of, but is not limited to, the 12/7/2023 report by Timothy Galarnyk of Construction Risk Management.  Additionally, Bramel Engineering visually observed the street side exterior of 770 Princeton Place, NW on 4/11/2024 which was documented with 30 photographs, supplied separately. The purpose of this report is to analyze the additional discovery and expert report since the prior Bramel Engineering report; this analysis is supplemental to and does not replace the findings from Bramel Engineering's 12/4/2022 report on this matter.


## Investigation

The following additional items were reviewed with respect to this matter since Bramel Engineering's prior 12/4/2024 report:

Matiella v Murdock

1. Deposition of Charles Matiella dated 12/1/2022
2. Construction Risk Management Report Construction Related Property Damage Claim Analysis and Conclusions by Timothy G. Galarnyk dated 12/7/2023.
3. City Concrete's ATIs & RRPD to Luis Constr.pdf
4. City Concrete's RRFA to Pltf.pdf
5. City Concrete's RRPD to Pltf.pdf
6. Luis Construction's RRFA.pdf
7. 2XO7555-FOIA Request No. 2023-FOIA-019 (
8. City Concrete
   a. Murdock Street payment Ledger.pdf
9. City Concrete Discovery Responses 1.10.2024
   a. City Concrete Resp to Luis RPD
      i. COI - Luis Construction - Expires 5-15-2018.pdf
      ii. Copy of A&A Consultants' Report 6.7.2021.PDF
      iii. Copy of Cashier Check to Luis Constructioin_3-2-2018.pdf
      iv. Responses to Luis Int and RPD.PDF
   b. City Concrete Resp to Plt RPD
      i. 4341568.PDF
      ii. CHATO- 3 Hauling and Excavation Inc.pdf
      iii. City Concrete's RRPD to Pltf.pdf
      iv. City Customer Balance Customer Balance Detail  01042019.pdf
      v. COI - Luis Construction - Expires 5-15-2018.pdf.pdf
      vi. Email Harold to fguner.msg
      vii. Inovice #16385 01042019.pdf
      viii. Invoice # 15573 07232018.pdf
      ix. Invoice # 15763 08292018.pdf
      x. Invoice #15974  10122018.pdf
      xi. Invoice #16120 1182018.pdf
      xii. Invoice #16264 1272018.pdf
      xiii. Invoice #16288 12122018.pdf
      xiv. Invoice #16384 1272018.pdf
      xv. Open Invoices Residential 01042019.pdf

Matiella v Murdock

       xvi.   Payment Receipt 05172018.pdf

      xvii.   Payment Receipt 10252018.pdf

    xviii.   ProposalAggreement signed.pdf  -  Dated 10-23-2017.

  c.  DCRA Response to Subpoena (518 items)

  d.  EWORA

      i.  2XM1913-EWORA - HCCW - 0001-0268_Redacted.pdf

     ii.  Emails 1_Redacted.pdf

    iii.  Emails 2_Redacted.pdf

    iv.  FW 3619 Georgia Ave NW Concrete break Reports -2.msg

     v.  Underpinning Concrete Breaks

        1.  Underpinning Concrete Breaks

          a.  FMC-3619 Georgia Ave NW concrete report #1.pdf

          b.  FMC-3619 Georgia Ave NW concrete report #2.pdf

          c.  FMC-3619 Georgia Ave NW concrete report #3.pdf

          d.  FMC-3619 Georgia Ave NW concrete report #4.pdf

     vi.  Underpinning Field Reports

        1.  Underpinning Reports

        2.  FMC - 3619 Georgia Ave NW Field Report #1 (1-26-18).pdf

        3.  FMC - 3619 Georgia Ave NW Field Report #2 (1-26-18).pdf

        4.  FMC - 3619 Georgia Ave NW Field Report #3 (1-30-18).pdf

        5.  FMC - 3619 Georgia Ave NW Field Report #4 (1-30-18).pdf

        6.  FMC - 3619 Georgia Ave NW Field Report #5 (2-1-18).pdf

        7.  FMC - 3619 Georgia Ave NW Field Report #6 (2-1-18).pdf

        8.  FMC - 3619 Georgia Ave NW Field Report #7 (2-5-18).pdf

        9.  FMC - 3619 Georgia Ave NW Field Report #8 (2-5-18).pdf

  e.  EWORA supp production 12.11.2023

      i.  30K1436-EROWA - HCCW - 1013.MP4

     ii.  EWORA - HCCW - 0269-1012.pdf

10. IFG

  a.  2XM1880-IFG - HCCW -  0001-0268_Redacted.pdf

11. Lee Construction Response to SDT

Matiella v Murdock

   a. 2023-386 770 Princeton Pl NW_Geotechnical Investigation + Foundation Assessment.pdf
   b. 23_0918 rfp email.pdf
   c. 23_1001 770 PRINCETON PL.pdf
   d. 770 PRINCETON PL AREA.pdf
   e. 770 Princeton pl DC proposal.msg
   f. 770 Princeton Pl NW - Huska Consulting Proposal.pdf
   g. Ltr to Atty Liskow w production.pdf
   h. Re_ 770 Princeton pl DC proposal.msg
   i. Re_ 770 Princeton Place RFP.msg
   j. RE_ two lot permits and subdivision.msg

12. DCRA Building Code 2017


## Discussion

There is no additional discovery indicating the structural nature of any initial, existing, and/or ongoing damage to the structure at 770 Princeton Place in Washington, DC.  To date, the only structural expert report that is claiming structural damage to the 770 Structure is the report by Dr. Al Ahmed, PE. Ph.D. of A & A Consultants on 6/7/2021 in response to a request by the Gregory Heelan of the DCRA.   Dr. Ahmed's report and conclusions were analyzed and discussed in detail in Bramel Engineering's 12/4/2022 report which concluded, to an engineering degree of certainty, that:

> "4.) The conclusions of Dr. Al Ahmed, PE. Ph.D. of A & A Consultants in his 6/7/2021 condition report appears to be based on a select portion of the discovery and not all the available information; the findings of A & A consultants appear to be speculative and not based in facts when all of discovery is considered."
> "5.) The 770 Princeton Place NW Washington, DC property appears to be structurally adequate and is only in need of some minor masonry façade work to return it to serviceable conditions."

Mr. Galarnyk, who is not an engineer, in his 12/7/2023 report does not provide any independent structural analysis or documentation that there is significant structural damage

Matiella v Murdock

to the properties at 770 Princeton Place. Without any stated independent analysis, Mr. Galarnyk must be relying on the structural analysis listed within his materials reviewed. The only structural analysis found within Mr. Galarnyk's list of documents on this matter is the 6/7/2021 report by Dr. Al Ahmed, PE. Ph.D. of A & A Consultants. The speculative report by Dr. Ahmed, PE, Ph.D. does not state that there is a current structural concern with the 770 property, but that the potential for future settlement should be considered. Mr. Galarnyk does not document any additional settlement of the properties, nor does he state that there was any settlement which rose to the level of structural compromise of the entire structure.

The property was observed for signs of ongoing movement and or settlement from the public street on 4/11/2024. During the construction, crack gauges were installed on the front of 770 Princton Place; as of 4/11/2024, they appear to have been removed which is likely due to a stable condition and the lack of ongoing movement. The front of the building was photographed for direct comparison to prior inspection photos. Figure 1, below, shows the photo of the removed and cracked masonry below the 2nd floor window from the DCRA in 2021 juxtaposed to a view of the same location from 2024. This open location has not been mitigated by the homeowner and due to its location, any active movement or settlements would be discernable in this location. In the approximately 3 years of being left open to the elements by the homeowner there is no discernable movement or settlement which means that the structure is stable and structurally adequate as demonstrated by the continued C of O by the DCRA.

Matiella v Murdock



| 21ENF-IC-0284320210415163559.jpg  Photo Date 2021 by DCRA | Photo Date 4/11/2024, Bramel Engineering |
|---|---|

*Figure 1. Direct Comparison of Front Elevation Cracks Approximately 3 Years Apart*

The evidence is consistent with Bramel Engineering's prior statement that the damages that have not been corrected by The Exchange's construction team are not affecting the structural stability of 770 Princeton Place. The remaining cracks are serviceability issues which need to have the façade bricks reinstalled and the brick tuck pointed. The homeowner, Mr. Matiella, refused Guner's offer to correct the serviceability of the building by patching the cracks[1]. To

---

[1] Deposition of Charles Matiella

Matiella v Murdock

date, Mr. Matiella has not fulfilled his duties to mitigate the damages due to the façade serviceability issues.

With out a substantiated structural background or basis, Mr. Galarnyk in his 12/7/2023 incorrectly states:

> "The damage was not cosmetic and cannot be repaired. A total removal of the two buildings is the only practical and logical solution because the two buildings continue to "settle" as a result of the Murdock building construction."

Mr. Galarnyk, from this unsupported and flawed foundation, then places a design-build request for proposals from 3 local contractors with only a picture of the 770 Princeton Place NW and a plat map and receives two bids in response.  Then, he takes the lower of these two costs adds 9% for unknown conditions and then an 8.3% CM fee for himself to come to a replacement value of $2,298,596 for the property which is nonresponsive to the actual issues.

Based on Bramel Engineering's investigation, the scope of work and the cost to remedy the serviceability issues at the building by conservatively tuckpointing both the front and rear faces of both buildings 770 and 770A, is shown below in Table 1. The costs are per the National Construction Cost Estimator cost books.

Table 1. Engineering Scope of Work and Cost Estimate

| Description | QTY | unit | Rate | Ext | Rate | Ext | Rate | Ext | Ext |
|---|---|---|---|---|---|---|---|---|---|
| Tuckpointing | 500 | sf | $ 0.73 | $ 365.00 | $ 7.80 | $3,900.00 | | | $4,265.00 |
| brick replacement | 100 | sf | $ 7.83 | $ 783.00 | $ 10.40 | $1,040.00 | | | $1,823.00 |
| Clean existing wall | 2000 | sf | $ 0.03 | $ 60.00 | $ 1.13 | $2,260.00 | | | $2,320.00 |
| paint masonry | 2000 | sf | $ 0.70 | $1,400.00 | $ 1.30 | $2,600.00 | | | $4,000.00 |
| Supervision | 4 | weeks | $ 100.00 | $ 400.00 | | $ - | $1,570.00 | $6,280.00 | $6,680.00 |
| General Conditions | 1 | ea | $ 500.00 | $ 500.00 | | | | | $ 500.00 |

Based on this scope of work offset to the DC metro area and using a 10% contingency, 15% overhead and 10% profit for a small job the engineering estimate to address the serviceability issues is $32,671.41.

Matiella v Murdock

Due to the refusal to mitigate damages by Mr. Mateilla both the scope of work and costs of repairing the serviceability issues has increased significantly since they were discovered in 2018.

The movement of the building at 770 Princeton Place appears to be within the normally anticipated ¼" vertical and horizontal when underpinned.  The serviceability issues being noted are usual and customary.

To the degree that noted serviceability issues are due to underpinning, it is the responsibility of City Concrete.

Mr. Matiella, by refusing to allow shoring on his building, exacerbated the movement that occurred during the extraordinary rain event at the center of this incident.

## Conclusions

Based on the investigation to date, Bramel Engineering is able to state the following conclusions within a reasonable degree of engineering certainty.  These conclusions are in addition to the conclusions of the prior report dated 12/4/2022 by Dr. Brian Bramel, PE, SE, Ph.D.

1. Mr. Galarnyk, who is not an engineer, in his 12/7/2023 report does not provide any independent structural analysis or documentation that there is significant structural damage to the properties at 770 Princeton Place.
2. Without any stated independent analysis, Mr. Galarnyk must be relying on the structural analysis listed within his materials reviewed.
3. The speculative report by Dr. Ahmed, PE, Ph.D. does not state that there is a current structural concern with the 770 property, but that the potential for future settlement should be considered.
4. Mr. Galarnyk does not document any additional settlement of the properties, nor does he state that there was any settlement which rose to the level of structural compromise of the entire structure.

Matiella v Murdock

5. Based on our visual observations and comparisons with photos in the approximately 3 years of being left open to the elements by the homeowner, there is no discernable movement or settlement of the 770 Princeton Place property.

6. The remaining cracks are serviceability issues which need to have the façade bricks reinstalled and the brick tuck pointed.

7. To date Mr. Matiella has not met his duties to mitigate the damages due to the façade serviceability issues.

8. Mr. Galarnyk's replacement cost to demolish and reconstruct 770 and 770A Princton Place for $2,298,596 – which includes 9% for unknown conditions and an 8.3% CM fee for himself – is nonresponsive to the actual issues identified at the property.

9. The engineering estimate to address the serviceability issues is $32,671.41 based on this scope of work in Table 1, offset to the DC metro area and using a 10% contingency, 15% overhead and 10% profit for a small job.

10. Due to the refusal to mitigate damages by Mr. Matiella, both the scope of work and costs of repairing the serviceability issues has increased significantly since they were discovered in 2018.

11. The movement of the building at 770 Princeton Place appears to be within the normally anticipated ¼" vertical and horizontal when underpinned.

12. To the degree that noted serviceability issues are due to underpinning it is the responsibility of City Concrete.

13. Mr. Matiella, by refusing to allow shoring on his building, exacerbated the movement that occurred during the extraordinary rain event at the center of this incident.

Discovery is still ongoing and as additional information becomes available, I reserve the right to augment and amend these opinions.

If there are any questions and or concerns regarding this issue, please do not hesitate to contact me.

Respectfully,



Authored by:

Matiella v Murdock

Brian K Bramel, P.E., S.E., Ph.D.

Structural/Civil/Mechanical Engineer

I hereby certify that this report is a complete and accurate statement of all my opinions, and the basis and reasons for them, to which I will testify under oath.