UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES MATIELLA | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.:   1:21-cv-2112-GMH |
| | : | |
| MURDOCK STREET, LLC | : | |
| | : | |
| Defendant | : | |

**JOINT REPLY TO PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND OPINIONS OF TIMOTHY GALARNYK**

COME NOW JOINTLY, Defendants Murdock Street, LLC, IFG Group, LLC, EWORA, LLC, City Concrete Corporation, and Luis Construction, Inc., by and through undersigned counsel, and in Reply to Plaintiff's Opposition to their Motion *in Limine* seeking the exclusion of Plaintiff's expert Timothy Galarnyk, say:

**I.   FACTS**

The moving parties adopt and incorporate their Statement of Facts as contained within their Memorandum of Points & Authorities in support of the instant Reply.

**II.   LEGAL ARGUMENT**

The moving parties adopt and incorporate their Legal Arguments as contained within their Memorandum of Points & Authorities in support of the instant Reply and add the following:

In opposing the instant Motion, Plaintiff appears to misconstrue the burden. The instant Motion challenges the admissibility of the testimony and opinions of Plaintiff's expert, Timothy Galarnyk on Rule 702 and *Daubert* grounds. As recently and succinctly put by Judge Kelly writing for this Honorable Court in *Garcia v. GGI Glass Distrib. Corp.*,

> This Court has "'broad discretion in determining whether to admit or exclude expert testimony.'" *Campbell v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 296

1

(D.D.C. 2018) (quoting U.S. ex rel. *Miller v. Bill Harbert Int'l Constr.*, 608 F.3d 871, 895, 391 U.S. App. D.C. 165 (D.C. Cir. 2010)). Federal Rule of Evidence 702, which governs the admissibility of expert testimony, guides that discretion by providing that a 'witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the' party offering the testimony shows 'that it is more likely than not that:

> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   the testimony is based on sufficient facts or data;
> (c)   the testimony is the product of reliable principles and methods; and
> (d)   the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.'

These guideposts direct the Court 'to act as a "gatekeeper" for expert testimony.' *Campbell*, 311 F. Supp. 3d at 296 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). In that role, the Court must ensure that 'all expert testimony' is 'not only relevant, but reliable.' *Id.* (internal quotation marks and citation omitted). This reliability inquiry focuses on the 'principles and methodology' underlying the proposed testimony. *Ambrosini v. Labarraque*, 101 F.3d 129, 133, 322 U.S. App. D.C. 19 (D.C. Cir. 1996). Even reliable expert testimony, though, must be 'helpful to the trier of facts in th[e] case.' *Parsi v. Daioleslam*, 852 F. Supp. 2d 82, 88 (D.D.C. 2012).

*Garcia v. GGI Glass Distrib. Corp.*, 2024 U.S. Dist. LEXIS 169590, *3-5 (D.D.C. Sept. 19, 2024). Judge Kelly explained that the proponent of evidence "bears the burden on both points—reliability and helpfulness to the finder of fact." *Id.* citing *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 94 (D.D.C. 2013).

Plaintiff never explains in his Opposition why Mr. Galarnyk, who is not an engineer, is qualified to render what clearly amounts to structural engineering opinions. Plaintiff never addresses how calling Mr. Galarnyk is in any way appropriate both from sheer lack of qualifications as well as in the face of the definition of engineering found at D.C. Code § 47-2853.131, which defines not only the traditional practice of engineering as such, but also the provision of an expert opinion in Court. Plaintiff provides no explanation why Mr. Galarnyk's

2

testimony on its face does not violate D.C. Code § 47-2853.133(a)(3) which expressly prohibits the practice of engineering without a license. Instead, Plaintiff baldly asserts that he believes that Mr. Galarnyk is eminently qualified to render his opinion without any reference to the record of this case or even anything outside of the record (such as an Affidavit).

Plaintiff, instead, asserts that "other courts have held that forensic experts, even if not licensed engineers, may provide expert opinions on liability, causation, and damages in construction disputes" pointing to a single case from Texas. (Pl. Opp. at pg. 3). However, this single "other court[]" in Texas which Plaintiff references does not concern District of Columbia law which expressly defines engineering as the provision of expert testimony and renders illegal testimony by non-engineers as to such topics.

Leaving aside qualifications, Plaintiff, much like Mr. Galarnyk, fails to provide any explanation as to why he opines that Plaintiff's building must be demolished and completely rebuilt. This is despite the incontrovertible fact that the building has stood and continues to stand despite any alleged structural deficit caused by the construction at the neighboring property which occurred almost a decade ago. Plaintiff avers that "Experts are not required to consider every piece of evidence" citing the Third Circuit case of *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 762 (3d Cir. 1994), a case decided under an old version of Rule 702 in which trial courts were content to discharge their gatekeeping function of assessing reliability to the crucible of cross-examination. *Cf. Sardis v. Overhead Door Corp.*, 10 F.4th 268, 282–83 (4th Cir. 2021) ("Where the admissibility of expert testimony is specifically questioned, Rule 702 and *Daubert* require that the district court make explicit findings, whether by written opinion or orally on the record, as to the challenged preconditions to admissibility.") (citing *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019); *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 201 (5th

Cir. 2016); and *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010)). However, Mr. Galarnyk does not appear to have relied upon any piece of evidence. Plaintiff terms what Mr. Galarnyk did here as "qualitative analysis." (Pl. Opp. at pg. 5). This is not what occurred here. Qualitative analysis is "The testing of a substance or mixture to determine its chemical components." The American Heritage Dictionary of the English Language, 1431 (4th Ed. 2000).

Plaintiff acknowledges that Mr. Galarnyk took no measurements nor made any sort of calculation, all while providing nothing in the way of insight as to how he arrived at his opinions. Plaintiff does not even give lip service to the fact that Mr. Galarnyk failed to even look at crack monitors affixed to the building for years to determine if there had been any settlement or movement. These crack monitors, as expressed by Dr. Bramel, the engineer retained to serve as an expert by the Defense, evidences that there has been absolutely no movement, let alone growth, of any crack. Plaintiff does not point to anything which informed Mr. Galarnyk's opinions, such as a study, test, data, standard or otherwise which he relied upon to form his opinions. Plaintiff does not do so because he cannot. Mr. Galarnyk did not rely upon any study, test, data, standard or anything else in forming his opinions. Mr. Galarnyk's opinions are the very definition of *ipse dixit*. Blacks' Law Dictionary, 833 (7th Ed. 1999) ("[Latin 'he himself said it] Something asserted but not proved <his testimony that she was a liar was nothing more than *ipse dixit*>"); *United States v. Bressi*, No. 4:19-cr-207, 2024 U.S. Dist. LEXIS 18175, at *7 (M.D. Pa. Feb. 1, 2024) ("Contrary to the Government's suggestion, simply stating that the Government's [expert] witnesses 'did chemistry' is insufficient" to carry burden of demonstrating reliable expert witness testimony).

In regard to his damages opinions, Plaintiff asserts that Mr. Galarnyk can rely upon the opinions of others in forming his own opinions. While this is true (see Fed. R. Evid. 703) this is not what occurred here. Instead, Mr. Galarynk has no damages opinion of his own. He has taken

the opinions of unknown persons, with unknown qualifications, who do not appear to have actually formed any of the opinions Mr. Galarnyk charges them with, and grafts onto these opinions additional damages for overhead. In regard to this opinion, it is entirely unknown if the unknown persons who may (but likely did not) provide a price includes such items nor whether their opinions (if they even ever held them) are for a reasonable fair market price. He simply solicited bids for a project and stopped there.

In regard to Defendants' assertions that Mr. Galarnyk seeks to provide testimony as to state of mind, Plaintiff does not appear to disagree with Defendants as to the state of the law. Instead, he contends that he does not intend to elicit such testimony and that "Galarnyk's opinions are limited to factual and technical matters within his expertise." (Pl. Opp. at pg. 6).  However, Mr. Galarnyk's report and deposition testimony bely such statement. Perhaps Plaintiff is simply withdrawing Mr. Galarnyk's opinions that the Defendants acted with "knowledge" and "knowingly" (Opinion Nos. 7, 8) or "willfully and fragrantly [*sic*]" (Opinion No. 10).

Plaintiff further asserts that Mr. Galarnyk has not put forward legal conclusions. Again, Plaintiff does not appear to disagree with Defendants as to the state of the law. The plain language of Opinion Nos. 2, 3, 5, 6, 8, and 10 contradicts Plaintiff's contention that he is not being called to render legal opinions.

## III.    <u>CONCLUSION</u>

For the foregoing reasons this Honorable Court should preclude the testimony and opinions of Timothy Galarnyk and provide such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO, GALLAGHER
& DeBLASIS, LLP


/s/ James S. Liskow
James S. Liskow
DC Bar # 501930
17251 Melford Boulevard
Suite 200
Bowie, Maryland  20715
Tel:     (301) 352-4950
Fax:     (301) 352-8691
jliskow@decarodoran.com

/s/ W. Benjamin Woody
W. Benjamin Woody (D.C. Bar No. 1613193)
Counsel for EWORA, LLC and IFG Group, LLC
McAngus, Goudelock & Courie
P.O. Box 30307
Charlotte, NC 28230-0307
Tel:     (804) 823-7627
Fax:     (804) 533-1542
ben.woody@mgclaw.com

/s/ Robert E. Worst
Robert E. Worst (D.C. Bar No. 469849)
Kalbaugh, Pfund & Messersmith, P.C.
3950 University Drive, Suite 204
Fairfax, VA 22030
Tel:     (703) 691-3331
Fax:     (703) 691-3332
Robert.Worst@kpmlaw.com
*Counsel for City Concrete Corporation*

/s/ Brendan P. Bunn
Brendan P. Bunn (D.C. Bar No. 441686)
Chadwick, Washington, Moriarty, Elmore & Bunn,
P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
Tel:     (703) 352-1900
Fax:     (804) 965-9919
bpbunn@chadwickwashington.com
*Counsel for Luis Construction, Inc.*

6

/s/ Janeen B. Koch
Janeen B. Koch, Virginia Bar No. 37763
Chadwick, Washington, Moriarty, Elmore & Bunn, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
Tel:    (703) 352-1900
Fax:    (804) 965-9919
jkoch@chadwickwashington.com
*Counsel for Luis Construction, Inc.*

## REQUEST FOR HEARING

Defendants, Murdock Street, LLC, IFG Group, LLC, EWORA, LLC, City Concrete Corporation, and Luis Construction, Inc., by and through undersigned counsel, respectfully requests a hearing as to all matters herein.

/s/ James S. Liskow
James S. Liskow

/s/ W. Benjamin Woody
W. Benjamin Woody

/s/ Robert E. Worst
Robert E. Worst

/s/ Brendan P. Bunn
Brendan P. Bunn

/s/ Janeen B. Koch
Janeen B. Koch

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  24th   day of    January    , 2025, a copy of the foregoing

was efiled to:

Kenneth E. Chase, Esquire
Chase Law & Associates, P.A
1141 71st Street
Miami Beach, FL  33141

W. Benjamin Woody
McAngus, Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230-0307

Robert E. Worst, Esquire
Edward P. Trivette, Esquire
Kalbaugh, Pfund & Messersmith, P.C.
3950 University Drive, Suite 204
Fairfax, VA 22030

Brendan P. Bunn, Esquire
Janeen B. Koch, Esquire
Chadwick, Washington, Moriarty, Elmore & Bunn, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030

/s/ James S. Liskow
James S. Liskow

8