UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MATIELLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MURDOCK STREET LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 21-cv-2112 (GMH) |

### MEMORANDUM OPINION AND ORDER

In this long-running action, Plaintiff claims that his property was damaged by negligent construction on an adjoining plot performed or overseen by general contractors EWORA, LLC and IFG Group, LLC; subcontractor City Concrete Corp.; and subcontractor Luis Construction, Inc.—construction that also allegedly caused vibrations rendering the structures on Plaintiff's land uninhabitable, thus constituting the tort of trespass. *See, e.g.*, *Matiella v. Murdock St. LLC*, No. 21-cv-2112, 2025 WL 2298614, at *1 (D.D.C. Aug. 8, 2025) [hereinafter *Matiella IV*]; *Matiella v. Murdock St. LLC*, No. 21-cv-2112, 2025 WL 689177, at *1 (D.D.C. Mar. 4, 2025) [hereinafter, *Matiella III*]; *Matiella v. Murdock St., LLC*, No. 21-cv-2112, 2024 WL 3967367, at *1 (D.D.C. Aug. 28, 2024) [hereinafter, *Matiella II*]; *Matiella v. Murdock St., LLC*, No. 21-cv-2112, 2023 WL 4684854, at *1 (D.D.C. July 21, 2023).

In May 2024, Plaintiff filed a motion for partial summary judgment asserting that Luis Construction's performance of land development work at the neighboring site without a District of Columbia general contractor's license constituted negligence per se and that Luis Construction was negligent as a matter of law under the doctrine of *res ipsa loquitur*. *See* ECF No. 170; *see also Matiella III*, 2025 WL 689177, at *2. In November 2024, while that earlier motion was

pending, Plaintiff filed another motion for partial summary judgment, this time against Luis Construction, EWORA, IFG, and City Concrete. *See* ECF No. 201. The later motion makes the same arguments as the earlier one—that Luis Construction was negligent as a matter of law for performing work at the site without a D.C. license and that "the doctrine of res ipsa loquitur applies, and Luis Construction is liable for negligence as a matter of law"—but adds some new ones: that the undisputed facts show that "Luis Construction's excavation activities . . . , including inserting rebar into the foundation" of one of the structures on Plaintiff's land, "caus[ed] vibrations that led to cracks" in those structures, entitling Plaintiff to summary judgment on the trespass claim; and that EWORA, IFG, and City Concrete are each liable for Luis Construction's negligence and trespass under various theories of vicarious liability.[1] ECF No. 201 at 3–7.

    In March 2025, the Court denied Plaintiff's May 2024 motion for partial summary judgment. *See Matiella III*, 2025 WL 689177, at *1. As to negligence per se, the Court recognized that the D.C. Code required a general contractor working in D.C. to have a D.C. license but found that D.C. municipal regulations clearly exempted subcontractors—like Luis Construction—from the licensure requirement. *See id.* at *2–4. Plaintiff adds nothing new in the more recent motion—indeed, his argument is significantly shorter, *compare* ECF No. 201 at 3 *with* ECF No. 170 at 3–6—and the Court adheres to its prior ruling that Plaintiff has not shown that "Luis Construction violated statutory or regulatory standards by not having a D.C. general contractor's license" and therefore he "is not entitled to summary judgment . . . against Luis Construction on a theory of negligence per se." *Matiella III*, 2025 WL 689177, at *4.

---

[1] Plaintiff maintains that those Defendants are vicariously liable (1) under the doctrine of *respondeat superior*, (2) because they negligently hired Luis construction, and (3) because they hired Luis Construction to do inherently dangerous work and the company failed to take reasonable precautions. *See* ECF No. 201 at 5–7.

The Court also rejects Plaintiff's renewed *res ipsa loquitur* argument. As before, Plaintiff has presented a "threadbare recital of the elements of *res ipsa loquitur*, supported by mere conclusory statements" that fails to show an entitlement to summary judgment. *Id.* (citation modified) (quoting *Potomac Elec. Power Co. v. Washington Metro. Area Transit Auth.*, No. 19-cv-2709, 2020 WL 3429738, at *2 (D.D.C. June 22, 2020)). He simply sets out the standard—stating that *res ipsa loquitur* applies when "(1) the damage is of a kind that ordinarily does not occur without someone's negligence; (2) it is caused by an agency or instrumentality within the defendant's exclusive or joint control; and (3) it is not due to any voluntary action or contribution by the plaintiff," ECF No. 201 at 6 (citing *D.C. Hous. Auth. v. Pinkney*, 970 A.2d 854, 866 (D.C. 2009))—and makes a series of unsupported pronouncements:

> The undisputed facts establish that the damage to Plaintiff's property would not have occurred in the absence of negligence. This type of damage is not ordinarily expected without improper excavation practices. Luis Construction had exclusive control over the excavation work that caused the damage. Plaintiff did not contribute to the harm in any way. Therefore, the doctrine of res ipsa loquitur applies, and Luis Construction is liable for negligence as a matter of law.

*Id.* That is, as before, "[b]ecause Plaintiff has not met his burden to adduce undisputed facts or present any non-conclusory argument that might meet even the first requirement for application of *res ipsa loquitur*, his motion for summary judgment [against Luis Construction] resting on that doctrine must be denied."[2] *Matiella III*, 2025 WL 689177, at *4.

As for trespass, Plaintiff fares no better. His argument is again gossamer-thin, expressed in three sentences:

> Luis Construction's excavation activities caused physical intrusions onto Plaintiff's property, including inserting rebar into the foundation and causing vibrations that led to cracks. These actions were intentional, unauthorized, and resulted in

---

[2] Although the Court has (re-)evaluated the merits of Plaintiff's position on negligence per se and *res ipsa loquitur*, it could easily have relied on the law-of-the-case doctrine, which "counsels that 'the same issue presented a second time in the same case in the same court should lead to the same result.'" *Matiella II*, 2024 WL 3967367, at *7 (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc)).

3

> interference with Plaintiff's possessory interest in his property as well as direct damage. Therefore, Luis Construction is liable for trespass as a matter of law.[3]

ECF No. 201 at 4–5 (citation omitted) (citing ECF No. 201-2 at 686, 704, 750–51). Here, at least, he cites *some* evidence purportedly supporting the assertion that Luis Construction's work "caus[ed] vibrations that led to cracks." But that evidence—from the deposition of Fatih Guner, a lay witness who is the principal of EWORA and IFG—fails to establish causation. In the first bit of testimony cited, Guner states that City Concrete "made contact with" Plaintiff's property and that a non-party was engaged to "do the hauling" from the construction site. ECF No. 201-2 at 686. In the second, Guner agrees that he "spoke with City Concrete and confirmed that . . . rebar had been inserted into Mr. Matiella's house foundation." *Id.* at 704. In the remaining two citations, Guner asserts that "the rebar drilling" caused vibrations, but he expressly denies that any such vibrations caused cracks. *Id.* at 750–51. That is, the evidence does *not* establish as a matter of law that vibrations from Luis Construction's work caused damage to Plaintiff's home.[4,5] Thus, Plaintiff is not entitled to summary judgment against Luis Construction on his trespass claim.

---

[3] As Plaintiff admits, he has no claim that intrusions other than vibrations constituted a trespass. *See* ECF No. 220 at 7 ("Plaintiff's trespass claim is based on the specific and documented effects of construction vibrations . . . ."); *see also Matiella IV*, 2025 WL 2298614, at *13 n.14 ("[T]he only trespass claims at issue here relate to intangible incursions."); *Matiella II*, 2024 WL 3967367, at *5 (noting that the only theory of trespass that survived a prior motion to dismiss was a "theory of trespass based on vibrations from the excavation, drilling, and heavy construction work, which Plaintiff alleges caused damage to the foundation of his building").

[4] "[The] Court does not have an obligation to search the entire record, or an entire witness' testimony for that matter, in search of testimony that supports the parties' arguments." *United States v. Real Prop. Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 64 (D.D.C. 2003) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)); *see also, e.g.*, *Garay v. Liriano*, 943 F. Supp. 2d 1, 20 (D.D.C. 2013) (stating that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events" and it is not a court's "obligation to dig through . . . evidence in search of factual support for [a plaintiff's] assertions" (quoting *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008))).

[5] Even if Guner had agreed that vibrations from the insertion of rebar into the foundation of Plaintiff's house caused damage to the structure, the Court would find that Plaintiff could not established causation as a matter of law. As discussed in the Memorandum Opinion and Order on Defendants' motions for summary judgment on Plaintiff's negligence and trespass claims, which is filed contemporaneously with this one, expert testimony is needed to establish causation.. Plaintiff has offered no such expert testimony. Indeed, the Court has excluded the opinions and testimony of his sole expert as unreliable and/or unhelpful. *See Matiella IV*, 2025 WL 2298614, at *7–15.

The Court having found that Plaintiff is not entitled to summary judgment against Luis Construction on either of his claims, it follows that he is not entitled to summary judgment on the basis of vicarious liability against EWORA, IFG, or City Concrete. *See, e.g.*, *Urquhart v. District of Columbia*, No. 21-cv-1434, 2021 WL 2913628, at *2 (D.D.C. July 12, 2021) ("[I]n the absence of agent liability, no liability can attach to the principal." (quoting *Hayes v. Chartered Health Plan, Inc.*, 360 F. Supp. 2d 84, 90 (D.D.C. 2004))).

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for partial summary judgment, ECF No. 201, is **DENIED**.

**SO ORDERED.**

Date:  December 10, 2025

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE