IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MATIELLA,

    Plaintiff,

v.                                  Case No. 1:21-cv-2112-GMH

MURDOCK STREET, LLC, *et al.*,

    Defendants.

**COUNTERCLAIMANTS IFG GROUP LLC AND EWORA LLC'S
RESPONSE TO THE COURT'S JANUARY 20, 2026 ORDER**

IFG Group LLC and EWORA LLC (collectively "IFG"), by counsel, responds to the Court's January 20, 2026 Order concerning whether to exercise supplemental jurisdiction over the remaining unjust enrichment claim pending before the Court. IFG requests that the Court exercise jurisdiction over the remaining state-law claim. In support thereof, IFG states as follows:

**1. Background**

Pending before the court is IFG's counterclaim for unjust enrichment. The unjust enrichment claim arises under state law, and IFG concedes that the amount in controversy is less than the jurisdictional threshold to provide this Court with an independent basis for jurisdiction. The claim is inexorably tied to the construction project from last decade occurring on the property adjacent to Plaintiff/Counterclaim-Defendant Charles Matiella's home at 770 Princeton Place, N.W. During the construction project, Matiella placed numerous calls to local building inspectors in what IFG assessed to be an attempt to interfere with the completion of the construction project. After numerous such efforts, IFG's principal, Fatih Guner, sought to buy peace. So IFG paid Matiella thousands of dollars on several occasions, and the interference stopped. Matiella took no action against IFG until January 2023, when he joined claims against IFG and EWORA.

1

IFG counterclaimed for unjust enrichment, among other claims. They sought to recover money paid to Matiella for peace. The count proceeded through discovery and survived summary judgment. See generally *Matiella v. Murdock Street LLC*, 2025 U.S. Dist. LEXIS 256074, 2025 WL 3533454 (D.D.C. Dec. 10, 2025). The Court found at summary judgment that "Guner's deposition testimony provide sufficient evidence—if only just—that would allow a jury to find that he believed his payments to [Mr. Matiella] bought a covenant not to sue." *Id.*, 2025 U.S. Dist. LEXIS 256074, at *24.

On January 16, 2026, undersigned counsel raised with the Court the possibility that there may not be subject matter jurisdiction over this claim. The Court directed the parties to brief this issue in an order entered on January 20, 2026. By this response, IFG respectfully requests that the Court to retain pendent jurisdiction over this claim.

## 2. Standard of Review

28 U.S.C. § 1367(c)(3) permits but does not oblige courts to exercise supplemental subject matter jurisdiction over claims that were joined with claims over which the court has original jurisdiction but which do not themselves support it. "The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion, as 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.'" *Williamson v. Analytics Consulting LLC*, No. 24-1403 (JEB), 2024 U.S. Dist. LEXIS 155230, at *10 (D.D.C. Aug. 29, 2024) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Such decisions require consideration of "judicial economy, convenience, fairness, and comity." *Id.*, 2024 U.S. Dist. LEXIS 155230, at *11 (quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005)). "And 'once [the District Court] has invested time and resources' in a case, 'considerations of judicial economy, convenience and fairness to litigants make it reasonable and

proper for a federal court to proceed to final judgment' upon the state-law claims." *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 378–79 (D.C. Cir. 2010) (quoting *Osborn v. Haley*, 549 U.S. 225, 245 (2007)) (alterations of *Osborn* in *Schuler* omitted).

### 3. Argument

The Court can and should exercise pendent jurisdiction over this claim. This matter has been pending in this Court for almost five years. The Court has resolved multiple rounds of briefing on pleadings-stage dispositive motions and cross motions for summary judgment, resulting in almost two hundred pages' worth of opinions. The parties have expended considerable resources and have conducted extensive discovery. The well-developed record is now closed. The Court is intimately familiar with the record, the facts, the parties, and the issues. "[R]esolving the related common-law counts strikes the appropriate balance among 'judicial economy, convenience, fairness, and comity.'" *Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 21 (D.D.C. 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

It is unclear whether the right to a jury trial exists for a sole claim for unjust enrichment. *Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 571 (1990). IFG simply seeks the money paid to Mr. Matiella to allow them to finish the project in peace. *Matiella v. Murdock Street LLC*, 2025 U.S. Dist. LEXIS 256074, at *20–22 (D.D.C. Dec. 10, 2025). IFG contends that on a standalone claim of unjust enrichment that there is no right to a trial by jury, so this matter would be resolved via bench trial. Disposition of this remaining claim would be the final box to check on this matter before turning in a final appealable order.

Spinning this claim off for parallel litigation would prove inefficient. The case is now in its twilight after a lengthy discovery period and dispositive motions have been decided. While the case is not particularly complex, requiring the creation and development of a second parallel

record runs the risk of potential inconsistent rulings. Matiella's stated intention to appeal the Court's rulings concerning the exclusion of his expert witness and grant of summary judgment to the parties militates against referring this last piece out so that whatever record arrives at the appellate court consists of the full record. Requiring IFG to refile elsewhere will likely come with the reopening of discovery and additional litigation costs to incur. It has already proved costly to the parties to litigate this case.

### 4. Conclusion

IFG Group LLC and EWORA LLC respectfully request the Court exercise supplemental jurisdiction over the unjust enrichment claim.

Dated: February 19, 2026.                          Respectfully submitted,

**IFG GROUP LLC and EWORA LLC,**

By Counsel

/s/W. Benjamin Woody
W. Benjamin Woody (D.C. Bar No. 1613193)
McAngus, Goudelock & Courie
Physical Address: 1925 Ballenger Avenue, Suite 560
Alexandria, VA 22314
Mailing Address: P.O. Box 30307
Charlotte, North Carolina 28230-0307
Telephone: 703-822-4499
Facsimile: 703-997-6274
ben.woody@mgclaw.com

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, a true and accurate copy of the foregoing was filed electronically via NextGen PACER, which will automatically send a notice of electronic filing of the foregoing to all counsel of record.

/s/W. Benjamin Woody
W. Benjamin Woody