IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MATIELLA,

     Plaintiff,

v.                                     Case No. 1:21-cv-2112-GMH

MURDOCK STREET, LLC, *et al.*,

     Defendants.

## IFG GROUP LLC AND EWORA LLC'S RESPONSE TO THE COURT'S 2026 ORDER CONCERNING THE RIGHT TO A JURY TRIAL ON A CLAIM FOR UNJUST ENRICHMENT AND MOTION TO STRIKE JURY DEMAND

IFG Group LLC and EWORA LLC ("IFG") by counsel, submit this Response to the

Court's Order (dkt. # 238) directing the parties to address whether the right to a trial by jury and

hereby moves the Court to strike Charles Matiella's jury demand in his answer to IFG's

counterclaim.

### 1.  Background

Both IFG and Charles Matiella demanded a trial by jury on IFG's counterclaims. Now

that the remaining counterclaim is for unjust enrichment, which sounds in equity, there is no

Seventh Amendment right to a trial by jury on this remaining claim. Accordingly, IFG has

previously represented to the Court that is waives its demand for a trial by jury since that right is

not available to it. Matiella has not waived his jury demand.

### 2.  Legal Standard

The Seventh Amendment to the United States Constitution declares that "in suits *at*

*common law*, where the value in controversy shall exceed twenty dollars, the right to a trial by

jury shall be preserved[.]" (emphasis added). "To determine whether a particular action will

resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the

issues involved and the remedy sought." *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502

U.S. 93, 97 (1991).

### 3. Argument

A trial by jury is not available for claims in equity because the Seventh Amendment is

limited to claims arising under the common law.

> The phrase "common law," found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence. The constitution had declared, in the third article, "that the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United States, and treaties made or which shall be made under their authority," &c. and to all cases of admiralty and maritime jurisdiction. It is well known, that in civil causes, in courts of equity and admiralty, juries do not intervene, and that courts of equity use the trial by jury only in extraordinary cases to inform the conscience of the court. When, therefore, we find that the amendment requires that the right of trial by jury shall be preserved in suits at common law, the natural conclusion is, that this distinction was present to the minds of the framers of the amendment. By common law, they meant what the constitution denominated in the third article "law;" not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered; or where, as in the admiralty, a mixture of public law, and of maritime law and equity was often found in the same suit.

*Parsons v. Bedford*, 28 U.S. (3 Peters) 433, 446–47 (1830) (quoting U.S. Const. Art. III § 2 and

Amend. VII). Damages are considered "equitable where they are restitutionary, such as in

'actions for disgorgement of improper profits[.]'" *Chauffers, Teamsters and Helpers Local No.*

*391 v. Terry*, 494 U.S. 558, 570 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)).

Whether monetary relief is equitable or legal in nature depends on if the relief "is designed to

punish or deter the wrongdoer, or, on the other hand, solely to 'restore the status quo.'" *SEC v.*

*Jarkesy*, 603 U.S. 109, 123 (2024) (quoting *Tull*, 481 U.S. at 422).

The D.C. Circuit defined *restitution* "as that body of law in which (1) substantive liability

is based on unjust enrichment, (2) the measure of recovery is based on defendant's gain instead

of plaintiff's loss, *or* (3) the court restores to plaintiff, in kind, his lost property or its proceeds." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 747 (D.C. Cir.) (quoting Douglas Laycock, "The Scope and Significance of Restitution," 67 TEX. L. REV. 1277, 1293 (1989) (emphasis in Laycock), *cert. denied*, 516 U.S. 865 (1995). Claims for monetary relief fitting this definition of restitution are equitable in nature, disentitling litigants to the right to a trial by jury. See, *e.g.*, *Sparrow v. Comm'r*, 949 F.2d 434, 438 (D.C. Cir. 1991); *United States v. Philip Morris, Inc.*, 273 F. Supp. 2d 3, 8–10 (D.D.C. 2002); *Wall v. Reliance Std. Life Ins. Co.*, No. 20-cv-2075 (EGS/GMH), 2022 U.S. Dist. LEXIS 233490, at *16–17 (D.D.C. Nov. 8, 2022) (claim under 29 U.S.C. § 1132(a)(3)); *FTC v. Abbott Labs.,* No. 92-1364, 1992 U.S. Dist. LEXIS 21474, at *1 (D.D.C. Dec. 7, 1992) (15 U.S.C. § 53(b)); see also *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 78 F. Supp. 3d 534, 536–39 (D.D.C. 2015) (jury demand in counterclaim stricken irrespective of whether plaintiff had or could have asserted claims that would have given entitled plaintiff to jury trial).

Unjust enrichment comes about "when a person retains a benefit (usually money) which in justice and equity belongs to another." *4934, Inc. v. District of Columbia Dep't of Emp'mt Servs.*, 605 A.2d 50, 55 (D.C. 1992). The appropriate remedy is a court order requiring the enriched party to make restitution to the conferring party. *Id.* at 56. When confronted with this issue in a similar case the Superior Court of the District of Columbia struck the jury demand. *Turnbow v. Anderson*, 2007 CA 005895 R(RP), 2009 D.C. Super. LEXIS 12, at *29–34 (July 20, 2009) (Long, J.).[1]

---

[1]    This case was affirmed on appeal. 24 A.3d 666 (D.C. 2011). The D.C. Court of Appeals issued an unpublished memorandum of judgment ("MOJ"), attached hereto as Exhibit 1. The undersigned could not locate the MOJ on the D.C. Court of Appeals' website, nor through LexisNexis. However, the undersigned retrieved the MOJ from the D.C. Superior Court Portal, which shows what was filed in the Superior Court Clerk's Office. **[footnote continues to pg. 4]**

In this case, IFG seeks repayment of the money it paid to Matiella during the pendency of the construction project. It is money that Matiella accepted to keep the peace. In this claim, IFG seeks the return of the money paid to Matiella that he has not returned despite reneging on his agreement. It is classic disgorgement. This is unlike most of the cases in this Circuit dealing with this issue, which involve mixed claims where both legal and equitable remedies are available, either derived from the common law or promulgated in provisions of the United States Code. This claim seeks purely equitable relief.

None of the other claims or defenses interposed in this case involve the same predicate set of facts that IFG's unjust enrichment claim involve. The amount paid to Matiella and the voluntariness of these payments to keep the peace involve facts that are not germane to whether any defendant failed to protect against subsidence. They do not bear on any stop-work order issued by the Department of Consumer and Regulatory Affairs. They may be germane to a set-off defense to lessen any damages award to Matiella, but that is an equitable defense. See *Griffith v. Butler*, 571 A.2d 1161, 1164–66 (D.C. 1990). And in the event the D.C. Circuit revives any claims and remands for trial, the fact remains that the *only* issues on which Matiella demanded a trial by jury are those issues in IFG's counterclaim. See generally dkt # 140.[2]

---

The MOJ is retrievable from the Portal and can be downloaded as a .TIF file. The image available for download from the Portal is, candidly, hard to read. The undersigned converted the .TIF file downloaded from the Portal into a .PDF and attempted to make the text of the MOJ more legible through the OCR function. Large swaths of the MOJ are still illegible. The undersigned did not alter the substance of the MOJ. In any event, if the appellant had assigned error to the Superior Court's decision striking the jury demand, the panel did not address the issue in the MOJ.

[2]    IFG notes that it demanded a trial by jury in its (and EWORA's) respective answers, and that they are the only parties to have demanded a trial by jury in their answer. This demand is consonant with a pending coverage dispute with IFG's insurer as a measure to dispel any potential argument that its waiver of its right to a trial by jury prejudiced the insurer. Since the Court dismissed Matiella's claims on which IFG demanded a trial by jury, this is a moot issue.

Lastly, even if there were some basis to consider honoring a jury demand, IFG cannot help but note how absurd it would be to convene a federal jury trial over this remaining claim. The claim is just outside the Superior Court of the District of Columbia's Small Claims and Conciliation Branch's exclusive jurisdiction, but within the range for the Civil Division to certify for disposition. D.C. Code §§ 11-1321, 11-1323(a). The Court need not undertake the logistical and administrative expense of a jury trial where there is no right to one in the first place.

WHEREFORE, for the foregoing reasons, IFG Group LLC and EWORA LLC respectfully request that the Court strike Charles Matiella's jury demand in his answer to their counterclaim and to schedule this matter for a bench trial.

Dated: March 25, 2026.                                Respectfully submitted,


                                                **IFG GROUP LLC and EWORA LLC,**

                                                By Counsel

/s/W. Benjamin Woody
W. Benjamin Woody (D.C. Bar No. 1613193)
McAngus, Goudelock & Courie
Physical Address: 1925 Ballenger Avenue, Suite 560
Alexandria, Virginia 22314
Mailing Address: P.O. Box 30307
Charlotte, North Carolina 28230-0307
Telephone: 703-822-4775
Facsimile: 703-997-6274
ben.woody@mgclaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, a true and accurate copy of the foregoing was filed electronically via NextGen PACER, which will automatically send a notice of electronic filing of the foregoing to all counsel of record.

/s/W. Benjamin Woody<br>
W. Benjamin Woody