UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MATIELLA,<br>　　Plaintiff,<br>　　vs.<br>MURDOCK STREET LLC, and<br>EWORA, L.L.C. and<br>IFG GROUP, LLC,<br>CITY CONCRETE CORPORATION, and<br>LUIS CONSTRUCTION, INC.,<br>　　Defendants.<br><br>EWORA, L.L.C. and<br>IFG GROUP, LLC,<br>　　Counterclaimants,<br>　　vs.<br>CHARLES MATIELLA,<br>　　Counter-Defendant.<br><br>EWORA, L.L.C. and<br>IFG GROUP, LLC,<br>　　Cross-claimants,<br>　　vs.<br>CITY CONCRETE CORPORATION,<br>　　Crossclaim-Defendant.<br><br>MURDOCK STREET LLC,<br>　　Cross-claimant,<br>　　vs.<br>EWORA, L.L.C. and<br>IFG GROUP, LLC, and<br>CITY CONCRETE CORPORATION, and<br>LUIS CONSTRUCTION, INC.,<br>　　Crossclaim-Defendants. | Civil Action No. 1:21-cv-02112-GMH |

**PLAINTIFF / COUNTER-DEFENDANT CHARLES MATIELLA'S
SUPPLEMENTAL RESPONSE TO THE COURT'S MARCH 4, 2026 ORDER**

Plaintiff/Counter-Defendant Charles Matiella ("Plaintiff") respectfully submits this response to the Court's March 4, 2026 Order. ECF No. 238.

## INTRODUCTION

Entry of final judgment is appropriate under Rule 54(b) because there is no just reason for delay, and immediate appealability serves the interests of judicial economy and fairness to Plaintiff. On December 10, 2025, the Court issued comprehensive decisions granting Defendants summary judgment on all of Plaintiff's negligence and trespass claims. The Court also granted Plaintiff's motion for summary judgment on all counterclaims except an unjust enrichment claim raised by Defendants IFG Group, LLC and EWORA, LLC which does not meet the amount in controversy requirement for diversity jurisdiction. It is now the only matter remaining before the Court. In its March 4, 2026 Order, the Court retained supplemental jurisdiction over the unjust enrichment counterclaim, noting its substantial investment of time and resources in this case over several years. This memorandum is directed to the question of whether, pending a resolution to that claim, the Court should enter final judgment on Plaintiff's claims under Rule 54(b). Plaintiff answers in the affirmative.

## LEGAL STANDARD

Per Rule 54(b), "[w]hen an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). There are three requirements for certification of an otherwise interlocutory order as a final judgment: (1) the order must resolve a distinct claim for relief, (2) the order must be final with respect to that claim, and (3) the district court must permissibly determine that there is no just reason for delay in entering judgment. *Attias v. CareFirst, Inc.*, 969 F.3d 412, 417 (D.C. Cir. 2020) (citing *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998)).

2

The first two elements, which concern whether the district court finally resolved one or more distinct claims for relief, implicate the jurisdictional requirement of a "final decision" under 28 U.S.C. § 1291. See *id*. at 417–18. When alleged claims are so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as separate claims within the meaning of Rule 54(b). *Id*. at 419 (quoting *Tolson v. United States*, 732 F.2d 998, 1001 (D.C. Cir. 1984)).

The third element, whether there is "no just reason for delay," has two components. First, the district court must expressly determine that there is no just reason for delay, and that express determination is a "bright line requirement" for establishing appellate jurisdiction on a Rule 54(b) certification. *Id*. at 417 (quoting Bldg. Indus. Ass'n, 161 F.3d at 743). Second, the court of appeals reviews that determination for abuse of discretion, and assesses whether the district court reasonably considered "judicial administrative interests as well as the equities involved," including the relationship between certified and uncertified claims and the potential for multiple appeals on the same issues. *Id*. at 417–18 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 8–10 (1980); *Bldg. Indus. Ass'n*, 161 F.3d at 744–45).

Therefore, Rule 54(b) permits certification when (1) the dismissed claims are truly distinct from those that remain, (2) the dismissal is final as to those claims, and (3) in light of the relationship between the claims and the equities, there is no just reason to delay appeal. See *Attias*, 969 F.3d at 417–19.

## ARGUMENT

### I.    The December 10, 2026 Orders Finally Disposed of Distinct Claims.

The December 10, 2025 summary judgment orders are final as to all of Plaintiff's claims. They leave nothing further for the Court to do on those claims except enter judgment. They also resolve claims that are distinct from IFG's remaining unjust enrichment counterclaim. In his negligence and trespass claims, Plaintiff sought damages for construction-related damage to his home and loss of use. The dispositive rulings pertained to causation, the statute of limitations, and expert testimony that the Court excluded under Rule 702 and Daubert. The unjust enrichment counterclaim, by contrast, turns on whether it would be unjust for Plaintiff, whose home was damaged, to retain payments IFG voluntarily made in an effort to "buy peace" during construction, in the absence of any enforceable covenant not to sue.

Claims are not "separate" for Rule 54(b) if they are so transactionally related that they could not be split into separate actions without offending claim preclusion. See *Attias*, 969 F.3d at 419 (citing *Tolson*, 732 F.2d 998 at 1001–02). IFG's unjust enrichment claim could have been brought without litigating the causation and statute of limitations issues relative to the damage to Plaintiff's home. The unjust enrichment claim is based on different facts, by different claimants, and it involves a request for relief very different from Plaintiff's tort claims.

### II.    There Is No Just Reason for Delay.

The remaining unjust enrichment claim is narrow and equitable, and it does not inexorably implicate the facts and law determined in the Court's December 10, 2026 orders. It concerns IFG's claim that it purportedly believed there was a covenant not to sue, despite nothing in writing as to that subject matter. This claim does not require proof of duty, breach, or causation, and does not depend on expert testimony.

4

By contrast, an appeal from the December 10, 2026 orders will focus on (1) the exclusion of Plaintiff's expert under Rule 702 and *Daubert*, (2) the existing evidence requiring a factual determination of causation, (3) the statute of limitations rulings, and (4) entry of summary judgment on the claims. Those issues will not be revisited in adjudicating unjust enrichment, and any later appeal from that equitable claim would present a different record and legal framework. There is therefore no realistic risk of multiple appeals on the same issues.

From Plaintiff's perspective, hardship exists, as his severe property damage remains unresolved, and the Court's rulings have foreclosed his primary avenue for compensation. The summary judgment orders rest on dispositive evidentiary and legal determinations, including exclusion of his only expert and causation findings that warrant prompt appellate review. Requiring him to wait through a trial on a relatively small and unrelated equitable counterclaim before seeking review would impose unnecessary delay and hardship.

Judicial economy also favors certification. This case has been pending since 2021, and the Court has devoted substantial resources to multiple dispositive motions and detailed opinions. Entry of Rule 54(b) judgment would allow appellate review to proceed while the Court, having properly retained supplemental jurisdiction, efficiently resolves the unjust enrichment claim. This is the type of situation in which Rule 54(b) is intended to provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims without waiting for the entire case to conclude.

## **CONCLUSION**

For the reasons discussed herein, Plaintiff respectfully requests that the Court determine that there is no just reason for delay and direct entry of final judgment under Rule 54(b) on all of Plaintiff's claims against Defendants.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By:   */s/ Kenneth E. Chase*
      Kenneth E. Chase
      Chase Law & Associates, P.A.
      951 Yamato Road, Suite 280
      Boca Raton, FL 33431
      Tel: (305) 402-9800
      Fax: (305) 402-2725
      Email: kchase@chaselaw.com

      *Attorneys for Plaintiff /*
      *Counter-Defendant Charles Matiella*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the preceding was served by CM/ECF on March 25, 2026, which automatically sends notice to all counsel and registered users of record.

By:   */s/ Kenneth E. Chase*
      Kenneth E. Chase